UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DUSTIN LONNIE MARSHALL § | |
| § | |
| v. § | CIVIL CASE NO. 4:20-CV-993-SDJ |
| § | |
| WINTER RENE CARTER, ET AL. § | |
| § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 15, 2021, the Report of the Magistrate Judge, (Dkt. #39), was entered containing proposed findings of fact and recommendations that Defendants Winter Rene Carter, Arthur Skibell, Keri Bohach, Ryan Bauerle, and Skibell, Roach and & Archer P.C.'s Motion to Dismiss, (Dkt. #29), be granted and Plaintiff Dustin Lonnie Marshall's claims be dismissed without prejudice for lack of subject matter jurisdiction. Having assessed the Report and considered Plaintiff's Objection requesting leave to amend his complaint, (Dkt. #40), Plaintiff's Motion to File Second Amended Complaint, (Dkt. #42), Defendants' Responses, (Dkts. #44; #46; #48), and Plaintiff's Reply, (Dkt. #45), the Court determines that the Magistrate Judge's Report and Recommendation should be adopted.

As an initial matter, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C);

FED. R. CIV. P. 72(b)(2)–(3). When no party objects to a magistrate judge's report and recommendation within fourteen days of service, the district court "need only satisfy itself that there is no clear error on the face of the record." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (cleaned up). Having assessed the Report and the record in this case, the Court determines that there is no clear error, and that the Magistrate Judge's Report should be adopted.

While titled or argued as objections, each of Plaintiff's filings made after the Magistrate Judge's report seek leave to file a second amended complaint, (Dkts. #40; #42), arguing amendment will not cause undue delay or undue prejudice, and that amendment is not futile. (Dkt. #40 at 3). Specifically, Plaintiff avers "his failure to amend his pleading sooner is strictly due to excusable neglect" and will therefore not cause undue delay. (Dkt. #40 at 3–4). Plaintiff continues that allowing amendment will not cause undue prejudice as "the record shows evidence of fraud to terminate his parental rights without process." (Dkt. #40 at 4–5). Finally, Plaintiff argues that amendment would not be futile because: (1) the requirements for an involuntary termination of the father-son relationship under Texas Family Code § 161 were not met; and (2) jurisdiction is proper under 25 U.S.C. § 1914. (Dkt. #40 at 5–8).

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). "Where a court's permission for leave to amend is required because the amendment is not a matter of course, leave to amend 'shall be freely given when justice so requires.'" *Id.* (citing *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d

533, 535 (5th Cir. 2003)); FED. R. CIV. P. 15(a)(2). Justice does not require the Court grant Plaintiff leave to further amend in the instant cause.

Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment. *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). In the Magistrate Judge's report, she discusses the Court's lack of subject matter jurisdiction, exploring the applicability of both the Indian Child Welfare Act, 25 U.S.C. § 1903(1)(ii) ("ICWA"), and the *Rooker-Feldman* doctrine. (Dkt. #39). Plaintiff's argument that jurisdiction is proper under 25 U.S.C. § 1914 wholly ignores the Magistrate Judge's analysis and determination that ICWA "does not supply subject matter jurisdiction[.]" (Dkt. #39 at 14). Upon review, this Court agrees that ICWA does not supply jurisdiction as there has been no termination of parental rights, a prerequisite to assertion of a claim under ICWA. *See* 25 U.S.C. § 1903(1)(ii). The Magistrate Judge also properly concluded that the *Rooker-Feldman* doctrine bars this Court's consideration of the instant action as Plaintiff "is doing nothing more than attacking or seeking further review of the decisions of the state court on custody issues in a federal forum." (Dkt. #39 at 16–17). Indeed, courts in this circuit have consistently held that such suits are barred by *Rooker-Feldman*. *See Plada v. Mazaheri*, No. SA-21-CV-00685-OLG, 2021 WL 3239461, at *2 (W.D. Tex. July 27, 2021) (finding under *Rooker-Feldman* the "Court lacks jurisdiction over lawsuits seeking to collaterally attack state court judgment and to modify child support orders and related family

law matters"); *Runnels v. Charles*, No. 6:20CV126, 2020 WL 1897367, at *4 (E.D. Tex. Mar. 18, 2020) ("In conclusion, the basis of Plaintiff's complaint—his underlying child support proceedings—is barred by the doctrine of *Rooker-Feldman*."), *report and recommendation adopted*, No. 6:20-CV-00126, 2020 WL 1891717 (E.D. Tex. Apr. 16, 2020). This Court lacks subject matter jurisdiction. Any amendment of the complaint would be futile.[1] The Court denies Plaintiff's request for leave. *See Pool v. Trump*, 756 F. App'x 446, 447 (5th Cir. 2019) (affirming district court's decision denying leave to amend as futile because plaintiff's "claims could not be pleaded in a manner that would confer subject matter jurisdiction"); *Crouse v. Neuropsychiatric Ctr.*, No. 3:19-CV-2280-K-BK, 2019 WL 5273250, at *1 (N.D. Tex. Sept. 26, 2019) (finding "granting leave to amend would be futile and cause needless delay" where alleged facts demonstrate a lack of subject matter jurisdiction), *report and recommendation adopted*, No. 3:19-CV-2280-K, 2019 WL 5267459 (N.D. Tex. Oct. 16, 2019).

## CONCLUSION

Having considered Plaintiff Dustin Lonnie Marshall's Objections, the Court adopts the Magistrate Judge's Report and Recommendation, (Dkt. #39), as the findings and conclusion of the Court.

---

[1] Further confirming the Court's futility finding is a review of the proposed Second Amended Complaint. (Dkt. #43). Therein, Plaintiff purports to assert an additional basis for jurisdiction under 28 U.S.C. § 1367 based upon allegations under the Consumer Credit Protection Act. (Dkt. #43 at 4). As Defendants correctly observe, no federal question is raised by attempts to collect child support from Plaintiff. (Dkt. #48 at 2). Child support obligations are not debts governed by the Consumer Credit Protection Act 15 U.S.C §§ 1692a-1692(e). *See Campbell v. Baldwin*, 90 F. Supp. 2d 754, 757 (E.D. Tex. 2000) (plaintiff "simply cannot establish that the child support payments he allegedly owes are a 'debt' covered by the" FDCPA); *McGee v. Pilant*, No. 3:17-CV-2275-B-BN, 2017 WL 6033740, at *2 (N.D. Tex. Oct. 27, 2017) ("courts have been unanimous in holding that child support payments are not a 'debt' covered by the act"), *report and recommendation adopted*, No. 3:17-CV-2275-B-BN, 2017 WL 6025336 (N.D. Tex. Dec. 5, 2017). This Court lacks subject matter jurisdiction.

It is therefore **ORDERED** that Plaintiff Dustin Lonnie Marshall's requests for leave to amend his complaint, (Dkts. #40, #42), are **DENIED**.

It is further **ORDERED** that Defendants Winter Rene Carter, Arthur Skibell, Keri Bohach, Ryan Bauerle, and Skibell, Roach and & Archer P.C.'s Motion to Dismiss, (Dkt. #29), is **GRANTED**. Plaintiff Dustin Lonnie Marshall's claims are **DISMISSED WITHOUT PREJUDICE**.

It is finally **ORDERED** that Plaintiff Dustin Lonnie Marshall's Motion to Transfer, (Dkt. #20), and Motion to Disqualify, (Dkt. #33), are each **DISMISSED AS MOOT**.

**So ORDERED and SIGNED this 23rd day of September, 2021.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE