UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DUSTIN LONNIE MARSHALL | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-993-SDJ |
| | § | |
| WINTER RENE CARTER, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Dustin Lonnie Marshall's Rule 60(b)(2) Motion for Relief from the Judgment in Case No. 00993 and Motion for Recusal or Disqualification of U.S. District Court Judge Sean D. Jordan in Case Nos. 00993 and 00384. (Dkt. #59). The thrust of Marshall's motion is that the undersigned is "mandatorily disqualified" from presiding over this case due to purported "significant financial and other interests" in this and another companion case filed in the Eastern District, *Marshall v. Abbott*, No. 4:21-CV-384-SDJ-CAN. (Dkt. #59 at 8–15). Defendants Arthur Skibell; Kari Bohach; Ryan Bauerle; Kristin Brady; and Bohach Law Group, P.C., successor to Skibell, Bohach & Archer, P.C. (collectively, "Lawyer Defendants"), oppose Marshall's request for recusal. (Dkt. #60). Having considered the motion, the response, and the applicable law, the Court concludes that Marshall's motion must be **DENIED**.

**I. BACKGROUND**

Approximately ten months ago, the Court adopted the Report and Recommendation of the Magistrate Judge, dismissed without prejudice Marshall's claims for lack of subject-matter jurisdiction, and issued its final judgment in this case. (Dkt. #56, #57). Marshall now seeks relief from that judgment under Federal

1

Rules of Civil Procedure 60(b)(2) and 60(b)(6). He also seeks the recusal and disqualification of the undersigned under 28 U.S.C. §§ 144 and 455 and Local Rule CV-63. According to Marshall, the undersigned's purported "significant financial and other interests" in this and another companion case filed in this District require both recusal and relief from the final judgment entered in this case. (Dkt. #59 at 8–15).

## II. LEGAL STANDARD

Rule 60(b) lists several grounds upon which a "final judgment, order, or proceeding" may be set aside. Relevant here, Rule 60(b)(2) provides that a court may relieve a party from a final judgment because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). To obtain Rule 60(b)(2) relief, the movant must show: (1) he "exercised due diligence" in obtaining the newly discovered information; and (2) the evidence is "material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)). A judgment will not be reopened if the evidence is "merely cumulative or impeaching and would not have changed the result." *Id.*

Rule 60(b)(6), the other subsection that Marshall invokes, provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). This catch-all provision reserves a court's equitable power to grant relief when not otherwise warranted by the preceding clauses of Rule 60(b). *Hesling*, 396 F.3d at 642. But relief under this subsection is granted "'only if

2

extraordinary circumstances are present' *and* those circumstances are not covered by another Rule 60(b) ground." *Curtis v. Brunsting*, 860 F.App'x 332, 335 (5th Cir. 2021) (per curiam) (quoting *Hesling*, 396 F.3d at 642). Thus, a Rule 60(b)(6) motion "must provide grounds that are separate and distinct from any other articulated grounds for relief, as 'clause (6) and clauses (1) through (5) are mutually exclusive.'" *Morrison v. Walker*, No. 1:13-CV-00327-KFG, 2016 WL 7637672, at *3 (E.D. Tex. Dec. 7, 2016) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)), *aff'd*, 704 F.App'x 369 (5th Cir. 2017) (per curiam).

### III. DISCUSSION

When, like here, a Rule 60(b) motion is brought together with a motion to recuse, the movant must make two distinct showings. The movant not only must show "that the undersigned should have recused" but "must *also* demonstrate why that failure to recuse is grounds for relief under Rule 60(b)." *Id.* at *6 (citing *Liljeberg*, 486 U.S. at 863). Marshall has made neither showing.

**A. No Basis for Recusal or Disqualification Exists in This Case.**

Marshall moves for the undersigned to recuse or be disqualified under 28 U.S.C. §§ 144 and 455,[1] arguing recusal is mandatory because the undersigned has: (1) financial and non-financial interests in this litigation due to his former employment with the Office of the Attorney General of Texas ("OAG"); (2) previously

---

[1] Marshall also references Eastern District of Texas Local Rule CV-63 in his motion. But this procedural rule addresses the reassignment of cases upon recusal and requires recusal in certain cases involving former judges. The rule provides no basis for recusal or disqualification under the facts of this case. *See* L.R. CV-63.

3

litigated positions allegedly hostile to Marshall's rights during the course of such employment by OAG; (3) shown personal bias against Marshall and his family and partiality in favor of the defendants; and (4) shown bias and partiality as a result of adverse decisions by this Court in Marshall's "companion" case. (Dkt. #59 at 1, 8–16).[2] For their part, the Lawyer Defendants object that Marshall's motion is untimely. They also argue that Marshall's affidavit is defective under Section 144 because it lacks a proper certificate of good faith and contains conclusory statements that are legally insufficient to require recusal.

### i. Marshall has not shown recusal is required under Section 144.

Section 144 requires recusal when a judge "has a personal bias or prejudice" against or in favor of a party. *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021) (per curiam). The statutory procedures require the timely filing of a legally sufficient affidavit that states the facts and reasons for a finding of prejudice and that is accompanied by a certificate indicating the request is made in good faith. *Id.* (citing 28 U.S.C. § 144). The general rule on timeliness requires the movant to exercise reasonable diligence in filing an affidavit after discovering facts that demonstrate bias or prejudice, unless the movant can show good cause for delay. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003); *Calhoun v. Villa*, 761 F.App'x 297, 301 (5th Cir. 2019) (per curiam).

---

[2] To the extent the motion at issue seeks recusal of the undersigned in Marshall's companion case, *Marshall v. Abbott*, No. 4:21-cv-00384-SDJ-CAN (E.D. Tex. Mar. 4, 2022), relief is not warranted for the reasons stated in this order.

Here, Marshall's argument for recusal fails for three independent reasons. First, his affidavit does not comply with Section 144 because it lacks a certificate of good faith. (Dkt. #59-1 at 1–2). Even *pro se* litigants must comply with this requirement. *Stine v. United States*, No. V-06-21, 2008 WL 4899544, at *2, *4 (S.D. Tex. Nov. 7, 2008) ("[A] *pro se* litigant must sign a certificate when making a section 144 motion."); *see also Parker v. Bd. of Supervisors Univ. of Louisiana-Lafayette*, 270 F.App'x 314, 316 (5th Cir. 2008) (per curiam) (indicating that a litigant must file a certificate of good faith, "even if signed by himself pro se"). Failure to file an affidavit with a proper certificate of good faith is a sufficient basis to deny the motion. *Stine*, 2008 WL 4899544, at *4; *cf. Morrison v. United States*, 432 F.2d 1227, 1229 (5th Cir. 1970) (affirming district court's decision to deny a recusal motion under Section 144 because of the failure to file the certificate of good faith).

Second, even if Marshall had signed a certificate of good faith, or if such a certificate is not required, his recusal request would still be denied as untimely. Marshall asserts that he had "knowledge and belie[f] that Judge Jordan possesses financial and other interests in these proceedings which Plaintiff sought to discover from May 2021 through September 2021." (Dkt. #59 at 11). Yet Marshall did not file his recusal motion and affidavit until several months later. *See Hall v. Burkett*, 391 F.Supp. 237, 241 (W.D. Okla. 1975) (collecting cases finding affidavits untimely filed when delays ranged from nine days to three months). What's more, the undersigned's former employment is public information and was available to

5

Marshall long before he filed his motion.³ *See United States v. Olis*, 571 F.Supp.2d 777, 781 (S.D. Tex. 2008) ("The documentary evidence that Olis submits in support of his § 144 motion shows that the facts stated in his declaration of support were publicly available well before he filed his motion to vacate on October 5, 2007."). Accordingly, Marshall has not shown good cause for waiting to move for recusal until after the Court expended "substantial amounts of time and judicial resources" addressing the dispositive motions filed in this case and entered final judgment. *Id.*; *see also Hill v. Breazeale*, 197 F.App'x 331, 335 (5th Cir. 2006) (per curiam) (finding denial warranted when the movant "waited, for no given reason, to raise the issue until after the district court ruled against him").

Third, Marshall's affidavit is not legally sufficient. When reviewing a recusal motion, a district court "must pass on the sufficiency of the affidavit, but may not pass on the truth of the affidavit's allegations." *Brocato*, 4 F.4th at 301 (quoting *Patterson*, 335 F.3d at 483). To be legally sufficient, the affidavit must "(1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Id.* (quoting *Patterson*, 335 F.3d at 483).

---

³ The Lawyer Defendants also argue the motion is untimely under Section 455. (Dkt. #60 at 3). "The timeliness requirement of § 455 obligates a party to raise the disqualification issue 'at a reasonable time in the litigation.'" *Olis*, 571 F.Supp.2d at 792 (quoting *Hollywood Fantasy Corp. v. Gabor*, 151 F.3d 203, 216 (5th Cir. 1998)). Here, recusal under Section 455 and disqualification under Section 144 are based on the same factual allegations. The motion is untimely under both provisions. *See id.* ("Because, like the facts included in the declaration that Olis submitted in support of his § 144 motion, the factual allegations on which Olis bases his motions to recuse under §§ 455(a) and (b)(1) all stem from sources of public information that were available well before Olis filed his motion . . . the court concludes that his § 455 motions are untimely.").

6

In this case, the allegations that the undersigned has a financial interest due to his former employment with OAG are conclusory and lack the particularity that would lead a reasonable person to believe bias warrants disqualification. The State of Texas is not a party to Marshall's lawsuit, and no state official or other entity represented by OAG is named as a defendant in this matter. Marshall's other allegations—that he is injured because of judicial actions taken in litigation where Marshall is a party—do not establish personal bias. *See United States ex rel. Gage v. Rolls-Royce N. Am., Inc.*, No. 1:16-CV-803-SS, 2017 WL 8896869, at *3 (W.D. Tex. Aug. 23, 2017) ("[T]he fact that a judge has ruled against a party in a similar or prior judicial proceeding does not render the judge biased or require the judge's disqualification." (citing *In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993))). Allegations of adverse judicial rulings are legally insufficient without revelation of "an opinion based on an extrajudicial source or . . . such a high degree of antagonism as to make fair judgment impossible." *Brown v. Anderson*, No. 3:16-CV-0620-D, 2016 WL 4479515, at *3 (N.D. Tex. Aug. 25, 2016) (quoting *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007)). Thus, taking the allegations as true, Marshall's affidavit is legally insufficient.

For these reasons, the Court must deny Marshall's request for recusal pursuant to Section 144.

### ii. Disqualification is not required under Section 455.

Section 455, governing disqualification of federal judges, contains two parts: Section 455(a) is a general catchall provision, while Section 455(b) enumerates specific circumstances when a judge must recuse. Marshall cites both subsections in

7

his motion. Under Section 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Section 455(b) contains five grounds for recusal. A judge must disqualify himself where: (1) "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"; (2) "in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it"; (3) "he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy"; (4) "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding"; or (5) "[h]e or his spouse . . . is a party to the proceeding," "acting as a lawyer in the proceeding," "[i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding," or "[i]s to the judge's knowledge likely to be a material witness in the proceeding." 28 U.S.C. § 455(b).

The standard under Section 455 is objective: "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Brocato*, 4 F.4th at 301 (quoting *United States v. Jordan*, 49 F.3d 152,

155 (5th Cir. 1995)). When applying this standard, it is important to keep in mind that a "judge is as much obligated not to recuse himself when it is not called for as he is obligated to when it is." *McClelland v. Gronwaldt*, 942 F.Supp. 297, 302 (E.D. Tex. 1996). The decision whether to recuse under Section 455 is committed to the sound discretion of the court. *See Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012).

In his motion, Marshall references all five bases for disqualification under Section 455(b), (Dkt. #59 at 8–9, 11–13, 16), but has failed to show any of them apply here. Marshall first argues the undersigned has financial and non-financial interests that are adverse to his claims, requiring recusal under Sections 455(b)(2) and (b)(4). (Dkt. #59 at 8–9). Section 455(b)(2) is limited to circumstances where a judge represented or has an association with a party in the instant proceeding arising out of his former *private* practice. The bare fact of prior employment with OAG—a *government* employer—does not necessitate recusal under this provision. *See Rahman v. Johanns*, 501 F.Supp.2d 8, 14 & n.4 (D.D.C. 2007) (distinguishing the standards for recusal under Sections 455(b)(2) and (b)(3)).

Turning to Section 455(b)(4), financial interest is defined as "ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party." 28 U.S.C. § 455(d)(4). To necessitate recusal, Marshall must show the undersigned has a financial interest in the outcome of this litigation or in any party to the litigation, or any other interest that could be substantially affected by this case. 28 U.S.C. § 455(b)(4). Marshall makes only

9

conclusory, speculative allegations about the undersigned's financial interests, including that "Judge Jordan possesses financial and other interests in these proceedings which Plaintiff sought to discover from May 2021 through September 2021." (Dkt. #59 at 11). In short, his allegations do not show "the kind of interest which reasonably brings into question a judge's partiality." *See Sensley v. Albritton*, 385 F.3d 591, 600 (5th Cir. 2004) (quotation omitted); *see also Washington v. CSC Credit Servs., Inc.*, No. 97-0971, 1999 WL 540889, at *1 (E.D. La. July 23, 1999) (finding no showing of an interest in the litigation under Section 455(b)(4) when the basis for recusal was a connection between the judge and his former employer who was neither a defendant nor representing a party in the litigation).

Recusal is similarly not warranted under Sections 455(b)(1), (b)(5)(iii), or (b)(5)(iv). Marshall urges that recusal is required because OAG litigates child custody cases and, more generally, because the undersigned has familiarity with Texas law and OAG litigation positions due to his former employment. (Dkt. #59 at 11–12). Marshall further alleges the undersigned has a substantial interest in preserving the outcomes in past cases involving the State of Texas, allegedly spanning from 2006 through 2015. But "layering several speculative premises on top of one another to reach a speculative conclusion" is not sufficient to warrant recusal. *See Sensley*, 385 F.3d at 600. And that is all Marshall has done here.

Marshall also provides no basis for his assertion that the undersigned "likely" would be called as a material witness in this case. *See* 28 U.S.C. § 455(b)(5)(iv). To be clear, Marshall's allegations primarily focus on alleged prejudice in favor of the

10

government, which is not a party and does not represent a party in this proceeding. Thus, it is pure speculation to say that the undersigned would be called as a material witness in this case.

Marshall's allegations under Section 455(b)(3) similarly fail. Section 455(b)(3) provides that a judge shall disqualify himself "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). Again, the claim that "Judge Jordan participated as counsel for the Office of Attorney General for Texas, a defendant in these proceedings" is simply not true—OAG is not a defendant in this case. (Dkt. #59 at 16). Marshall's claim that the undersigned expressed a personal opinion about this case by adopting the Magistrate Judge's Report and Recommendation is incorrect and, and in any event, not relevant to Section 455(b)(3)'s focus on *actual* participation in the proceedings. *See Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995) (explaining that Section "455(b)(3) does not mandate recusal unless the former government attorney has actually participated in some fashion in the proceedings," as opposed to merely being a member of the governmental office (emphasis and footnote omitted)); *Rahman*, 501 F.Supp.2d at 15 ("[A]ctual participation in the case at issue is required to support recusal.").

At this point, only Marshall's argument as to Section 455(a) remains. Marshall alleges that the undersigned lacks impartiality due to a personal bias against him and his family. But he presents no evidence to support his assertions. He has not

11

shown, for example, that "Judge Jordan learned of the financial and professional standing of Plaintiff's uncle Bradley Marshall," who Marshall alleges was racially discriminated against by the State Bar of Washington because he is African American, (Dkt. #59 at 14), or that "Judge Jordan used that knowledge on September 23, 2021 when he issued his prejudicial and personally bias[ed] opinion regarding *Rooker Feldman* doctrine, African American and Native American minorities practicing law in the United States, and African American and Native American fathers seeking [to] maintain their family units in federal court," (Dkt. #59 at 15).

Marshall's allegations are, to put it mildly, fanciful. No reasonable person would question the impartiality of the undersigned based on Marshall's claims in this case and the record before the Court. *See Taylor v. United States*, No. 4:21-CV-103, 2022 WL 269108, at *2 (E.D. Tex. Jan. 27, 2022); *see also United States v. Diggs*, 714 F.App'x 460, 461 (5th Cir. 2018) (per curiam) ("Diggs's conclusory argument for recusal failed to show that the judge displayed an antagonism against African Americans that would have made a fair judgment impossible." (citing 28 U.S.C. §§ 144, 455(a) & (b)(1); and *Liteky v. United States*, 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994))). Marshall's motion for recusal under Section 455 is therefore denied.

**B. None of the Grounds for Relief Under Rule 60(b) Apply.**

Although Marshall has not shown that the undersigned is disqualified or otherwise should have recused, the Court also briefly addresses the Rule 60(b)

12

grounds cited in Marshall's motion. Other than a cursory citation in the motion's introduction, Marshall fails to address any of the grounds for relief enumerated in Rule 60(b)—let alone show that any of those grounds apply here.

Marshall has failed to show he is entitled to relief under Rule 60(b)(2) because he has not pointed to any newly discovered evidence that is "material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling*, 396 F.3d at 639 (quoting *Goldstein*, 340 F.3d at 257). He also raises no specific grounds for relief under Rule 60(b)(6) aside from his direct request for relief under Rule 60(b)(2). *See Morrison*, 2016 WL 7637672, at *9 ("[B]ecause Morrison fails to articulate any separate grounds for relief from those stated in her Rule 60(b)(2)-(4) arguments, she is not entitled to relief under Rule 60(b)(6)."). And because no extraordinary circumstances exist, as discussed *supra*, relief is not warranted under Rule 60(b)(6). *See id.* at *10 (explaining that a judge's decision not to recuse constitutes an "extraordinary circumstance" that merits relief under Rule 60(b)(6) only when "extrajudicial sources" reveal the judge's bias and such bias is "so severe that it would be impossible for [the judge] to render a fair judgment"). Thus, Marshall's request for relief under Rule 60(b) must be denied.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff Dustin Lonnie Marshall's Rule 60(b)(2) Motion for Relief from the Judgment in Case No. 00993 and Motion for Recusal or Disqualification of U.S. District Court Judge Sean D. Jordan in Case Nos. 00993 and 00384, (Dkt. #59), is **DENIED**.

13

**So ORDERED and SIGNED this 20th day of July, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE